## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**KENNETH WADE DAVIS**          §
                                §
**V.**                          §          **A-14-CA-609-LY**
                                §
**WILLIAM STEPHENS, Director,** §
**Texas Dept. of Criminal Justice–** §
**Correctional Institutions Division** §

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court are Petitioner's Amended Application for Habeas Corpus Relief under 28 U.S.C. § 2254 and Amended Memorandum in Support (Document 12); Petitioner's Supplement to his Petition (Document 15); Respondent's Answer (Document 13); Petitioner's response thereto (Document 18); and Petitioner's Supplemental Reply (Document 20). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 368th District Court of Williamson County, Texas, in cause number 10-686-K368. Petitioner pleaded guilty to aggravated assault causing serious bodily

injury/family violence, burglary of a habitation, and aggravated assault on a public servant.  He also acknowledged as true a deadly weapon allegation.  A jury assessed punishment of 75, 20, and 60 years of imprisonment, respectively.  Each sentence of imprisonment included a $10,000 fine.  The trial court ordered that the sentences be served concurrently.  Petitioner appealed his convictions, and the Third Court of Appeals of Texas affirmed each.  *Davis v. State*, No. 03-11-00245-CR (Tex. App.—Austin Aug. 14, 2012).  The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review.  *Davis v. State*, P.D.R. No. 1335-12 (Tex. Crim. App. Jan. 16, 2013).

Petitioner then filed an application for a state writ of habeas corpus.  The trial court issued written findings recommending relief be denied.  On May 21, 2014, the Court of Criminal Appeals denied Petitioner's application on the trial court's findings without a written order.  *Ex parte Davis*, WR-81,324-01, at cover.

## B.    Factual Background

According to the state court reviewing Petitioner's application for state habeas corpus relief, Petitioner broke into his ex-girlfriend's home and waited there for her with a loaded gun.  Doc. 7-5 at 133.[1]  State police officers were escorting Petitioner's girlfriend home after she had reported an assault by Petitioner earlier in the day.  *Id.*  When the ex-girlfriend and the officers arrived at her home, Petitioner shot his ex-girlfriend in the back and also shot one of the officers as they fled.  *Id.* Petitioner was apprehended some time later.

## C.    Petitioner's Grounds for Relief

Petitioner raises two grounds for relief:

---

[1]The page numbers for document 7-5 refer to the electronic-document page numbers located at the top of the page of that document.

1.      Petitioner was denied the right to testify on his own behalf at his sentencing.

2.      Petitioner's attorney was ineffective for:

      a.      failing to file a pretrial motion alleging that Petitioner was incompetent to stand trial;

      b.      failing to conduct an adequate investigation into Petitioner's mental state after Petitioner had attempted suicide while incarcerated;

      c.      failing to gather, obtain, and/or present mitigating evidence at sentencing;

      d.      failing to present an insanity defense;

      e.      failing to seek a qualified mental-health expert;

      f.      misadvising Petitioner to withdraw his plea of not guilty and to plead guilty;

      g.      misadvising Petitioner not to invoke his right to testify;

      h.      failing to file a post-conviction or amended motion for a new trial to preserve Petitioner's ineffective-assistance claims for direct review; and

      i.      failing to request a hearing on Petitioner's motion for a new trial to develop a record regarding Petitioner's ineffective-assistance claims.

## D.      Exhaustion of State Court Remedies

Respondent asserts Petitioner failed to exhaust his first claim regarding his right to testify.

Respondent notes Petitioner did not raise this issue on direct appeal and, instead, first raised the

claim in his state application for habeas corpus relief.  The trial court rejected this ground for state

habeas corpus relief because Petitioner could have, but did not, raise this issue on direct appeal.

Doc. 7-5 at 139.  Thus, the state court concluded, Petitioner's claim regarding his right to testify was

barred from consideration.  *Id.*  The Court of Criminal Appeals adopted those findings when it

rejected Petitioner's application.   Respondent concludes that, because the state court rejected

3

Petitioner's claim based on a state procedural default, Petitioner's claim likewise is barred from this Court's consideration.

"A federal court may not grant a petition for a writ of habeas corpus where the state court expressly denied the claim based on an independent and adequate state procedural rule." *Wright v. Quarterman*, 470 F.3d 581, 586 (5th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 730 (1991)). Claims that could have been raised on direct appeal, but were not, are procedurally defaulted. *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005) (citing *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996)). In Texas, habeas corpus is a proper vehicle to review only jurisdictional defects and "denials of fundamental or constitutional rights." *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989).

On direct appeal, Petitioner argued only that the trial court abused its discretion by failing to appoint new counsel and denying Petitioner his right to self-representation. Petitioner could have also raised his challenge regarding his right to testify, but he failed to do so. Petitioner does not assert cause and prejudice for his failure to raise those claims during direct appeal, or that not reviewing the claims would result in a miscarriage of justice. *See Wright*, 470 F.3d at 586 n.4. Accordingly, the Court agrees with Respondent that Petitioner's first ground for relief is procedurally barred.

## <u>DISCUSSION AND ANALYSIS</u>

### A.     The Antiterrorism and Effective Death Penalty Act of 1996

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington*

*v. Richter*, 562 U.S. 86, 97–100 (2011).  The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 562 U.S. at 98.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted).  The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)).  When there is no explanation with a state-court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.*  And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that

decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Harrington*, 562 U.S. at 100 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740–41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See* 28

U.S.C. § 2254(e)(1).  But absent such a showing, the federal court must give deference to the state court's fact findings.  *Id.*

## B.    Evidentiary Hearing

Petitioner asserts he requested an evidentiary hearing in the state court but was denied a hearing.  Because, he says, the state court "ignored his requests for an evidentiary hearing to be held," this Court should hold an evidentiary hearing.  Doc. 12, Amended Memorandum of Law in Support of § 2254 Petition, at 6.  Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> > (A) the claim relies on—
> >
> > > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > >
> > > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> >
> > (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has not pleaded allegations that would entitle him to a hearing under § 2254(e)(2).  His allegations amount to nothing more than a complaint regarding his state court habeas corpus proceedings, and claims regarding those proceedings are not cognizable in a petition under § 2254. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Accordingly, Petitioner's request for an evidentiary hearing should be denied.

C.     **Ineffective Assistance of Counsel**

In his only properly exhausted ground for relief, Petitioner argues he was denied effective assistance of counsel for a variety of reasons.  Petitioner raised this issue, and all the bases for his claim, in his state application for habeas corpus relief.  The Court of Criminal Appeals rejected the merits of Petitioner's claim.  As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.  In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential.  *Id.* at 686–89.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

*Id.* at 689.  "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* (citation omitted).  Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged.  *Id.* at 695–97.  Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 687.

  1. <u>Advising Petitioner to Enter Plea of Guilty</u>

  As Respondent notes, Petitioner was convicted after he pleaded guilty to these three charges. Thus, Petitioner is limited to challenging the voluntariness of his plea, his understanding of the charges against him, and his understanding of the consequences of pleading guilty.  *Hill v. Lockhart,* 474 U.S. 52, 56–57 (1985).  To establish ineffective assistance in this regard, Petitioner must show that, but for his attorney's errors, he would not have pleaded guilty and would have instead proceeded to trial.  *See Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (citing *Hill*, 474 U.S. at 59).

  The record in this case defeats Petitioner's claim.  One day after the jury had been selected, the court met with the parties without the jury present.  Petitioner informed the court he had decided to withdraw his plea of not guilty and to enter a plea of guilty.  Doc. 6-5 at 6.  The court asked Petitioner if he had discussed his decision with his attorney.  *Id.*  Petitioner responded he had, and he was satisfied with the answers given him by his attorneys.  *Id.* at 6–7.  He told the court he was

entering his plea "freely and voluntarily," without any recommendation or coercion from the State, and the decision was of Petitioner's own free will.  *Id.* at 8–9.  Petitioner agreed with the court that his decision was practical and that he was pleading guilty because he is guilty of the crimes.  *Id.* at 9–10.  Counsel then asked Petitioner about his decision and whether the decision had been Petitioner's to make; Petitioner agreed, saying "Yes, it is my decision. . . . I know what I'm doing." *Id.* at 12.  Petitioner repeated his guilty plea with the jury present.  *Id.* at 16–18.  Petitioner has not presented any evidence that contradicts this record or suggests his plea was involuntary.  Nor has Petitioner submitted any evidence suggesting, nor has he himself suggested, that without his attorney's advice he would have proceeded to trial.

Because Petitioner's challenge to the voluntariness of his plea has no merit, the Court should not consider Petitioner's other allegations regarding his trial counsel.  Petitioner waived those challenges by entering a valid guilty plea.  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000).  Thus, the only other claims before the Court relate to counsel's efforts after Petitioner entered his plea.

2.     Failure to Preserve Record or Request Evidentiary Hearing on Claims of Ineffective Assistance

Petitioner first alleges counsel failed to create a record regarding his claims of ineffective assistance of trial counsel by amending the motion counsel filed for a new trial or by filing a post-conviction motion for a new trial.  Petitioner alternatively argues counsel should have requested a hearing on the motion for a new trial to develop a record on appeal regarding his claims of ineffective assistance of trial counsel.

In Texas, a convicted defendant may move in the trial court for a new trial in order to develop the record for a claim to be raised on direct appeal, including for a claim of ineffective assistance of trial counsel. *See Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993) (en banc). Motions for a new trial that raise issues "not determinable from the record," including allegations of ineffective assistance, may require an evidentiary hearing. *Id.* In those cases, however, the motion must "be supported by affidavit . . . showing the truth of the grounds of attack." *Id.* Perhaps because the window for raising ineffective-assistance claims during direct appeal is so small, courts have held that such claims are best left for collateral-appeal proceedings. *See Trevino v. Thaler*, 133 S. Ct. 1911, 1918–19 (2013) (citing numerous cases including *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997), and *Robinson v. State*, 16 S.W.3d 808, 810–11 (Tex. Crim. App. 2000)).

Petitioner's motion for a new trial raised a single ground for relief, which alleged his trial counsel failed to present evidence of Petitioner's innocence. Doc. 5-20 at 132.[2] Petitioner did not attach an affidavit or any other documents in support of that claim. Without an affidavit, the trial court had no obligation to afford Petitioner an evidentiary hearing. *Reyes*, 849 S.W.2d 816. Moreover, the record of the trial proceedings was not available to appellate counsel until after the time to amend the motion for a new trial had passed. Thus, there was no information appellate counsel could have provided to the trial court to warrant an evidentiary hearing or to support the motion for a new trial. Instead, this claim was best left for Petitioner's collateral appeal, when the record could be fully developed and the issues adequately briefed. *See Mata v. State*, 226 S.W.3d 425, 430 & n.14 (Tex. Crim. App. 2007).

---

[2]The page numbers for document 5-20 refer to the electronic-document page numbers located at the top of the page of that document.

Additionally, Petitioner did raise his ineffective-assistance claims in his state habeas corpus proceedings.  The state courts considered those claims and rejected them on the merits.  Thus, even if counsel could have or should have raised the ineffective-assistance claims earlier, Petitioner has not shown how he was prejudiced by counsel's performance.  *See Cantu v. Collins*, 967 F.2d 1006, 1017 (5th Cir. 1992) (rejecting challenge to appellate counsel's performance because issues counsel did not raise were raised and found meritless in state collateral proceedings and federal habeas corpus proceedings).

    3.   <u>Conclusion</u>

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

## **RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

13

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of August, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE